UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **DEREK HARRISON,** *Plaintiff* | § § § |
| v. | § §   CASE NO. 1:23-CV-01316-RP-SH |
| **MOSLEY MATTHEW REID,** *Defendant* | § § § |

## ORDER

Before the Court are Plaintiff Derek Harrison's Complaint (Dkt. 5) and Applications to Proceed *In Forma Pauperis* and Financial Affidavits in Support (Dkts. 2, 6) filed October 30, 2023. The District Court referred this case to this Magistrate Judge for disposition of the Applications and for a report and recommendation as to whether it should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 3.

### I.   Application to Proceed *In Forma Pauperis*

After reviewing Plaintiff Derek Harrison's Financial Affidavits, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Harrison *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Harrison is advised that although he has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As detailed below, the Court orders Harrison to file a More Definite Statement so the Court can complete its review under § 1915(e)(2). Therefore, service on Defendant Mosley Matthew Reid[1] should be withheld pending the Court's review of the More Definite Statement.

## II.     Frivolousness Review Under Section 1915(e)(2)

Because Harrison has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983).

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 596 U.S. 1, 7 (2022). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States" and over civil cases in which the amount in controversy exceeds

---

[1] Defendant's name is spelled "Reid" in Plaintiff's original Complaint (Dkt. 1) and "Reed" in his duplicate Complaint. Dkt. 5.

$75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. It is presumed that a case lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In his Complaint, Harrison alleges that Reid struck Harrison's vehicle from behind on Interstate Highway 35 "because he was jamming out to music." Dkt. 5 at 2. Harrison alleges that Reid has not paid for the damage to his vehicle and his medical expenses. *Id.*

Although Harrison checked the "U.S. Government Plaintiff" box on his Civil Cover Sheet as a basis for this Court's jurisdiction, he appears to be asserting a state negligence action. *Id.* at 3. Harrison's Complaint alleges that both he and Reid are Texas residents. *Id.* Accordingly, it appears that this Court lacks subject matter jurisdiction.

So the Court can determine whether it has jurisdiction over this suit, Harrison is **ORDERED** to file a More Definite Statement **identifying the federal statute or statutes on which his claims are based**.

### III.   Conclusion

The Court **GRANTS** Harrison's first Application to Proceed *In Forma Pauperis* (Dkt. 2) and **DISMISSES AS MOOT** his second Application to Proceed *In Forma Pauperis* (Dkt. 6).

The Court **FURTHER ORDERS** Harrison to file a More Definite Statement by **December 12, 2023**. Failure to fully comply with this Order by this deadline may result in the Court's recommendation that this case be dismissed.

**SIGNED** on November 30, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE