# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **DEREK HARRISON,** *Plaintiff* § § § | |
| **v.** § § § | Case No. 1:23-CV-01316-RP-SH |
| **MOSLEY MATTHEW REID,** *Defendant* § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Derek Harrison's Complaint, filed October 30, 2023 (Dkt. 5), and More Definite Statement, filed December 15, 2023 (Dkt. 8). The District Court referred this case to this Magistrate Judge, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 3.

## I. General Background

Plaintiff Derek Harrison alleges that Defendant Mosley Matthew Reid crashed his truck into the back of Harrison's car while he and his wife were driving on Interstate Highway 35, causing physical injuries and damaging Harrison's car. Dkt. 5 at 2; Dkt. 8 at 1. Harrison seeks damages from Reid in the form of medical expenses and lost wages. Dkt. 5 at 2. Although Harrison checked the "U.S. Government Plaintiff" box on his Civil Cover Sheet as the basis for this Court's jurisdiction, he appears to be asserting a state negligence action. *Id.* at 3. Harrison's Complaint alleges that both he and Reid are Texas residents. *Id.*

The Court ordered Harrison to file a More Definite Statement identifying the federal statute or statutes on which his claims are based. Dkt. 7 at 3. The Court warned Harrison that failure to fully comply with the order could result in the Court's recommendation that the case be dismissed. *Id.* In response, Harrison sent an email to the Clerk's Office summarizing his claims, but failed to identify any federal statute as the basis for his claims as ordered. Dkt. 8 at 1.

## II.  Section 1915(e)(2) Frivolousness Review

Because Harrison has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters designated by Congress or the Constitution. *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). If a court determines that it lacks subject matter jurisdiction over an action, it must dismiss the action. FED. R. CIV. P. 12(h)(3). The "burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court may exercise supplemental jurisdiction over a claim based on state law only if it has original jurisdiction over a related claim. 28 U.S.C. § 1367(a).

A federal court has original diversity jurisdiction over an action where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Harrison's Complaint alleges that both he and Reid are Texas residents, so the Court does not have diversity jurisdiction over his claims. Dkt. 5 at 3.

A federal court has original federal question jurisdiction over any action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Harrison's allegations invoke state negligence law and not a federal cause of action, and he has identified no federal statutes that apply to his claim. Because Harrison has not asserted a federal claim, the Court does not have federal question jurisdiction over this suit.

The Court finds that Harrison's lawsuit is frivolous because the Court lacks subject matter jurisdiction over his claims.

### III.   Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Plaintiff Derek Harrison's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2).

The Court **FURTHER ORDERS** the Clerk to **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

### IV.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds

of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on December 19, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE